IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| -vs- | ) CRIMINAL CASE NO. JEM-02-570 |
| | ) |
| JOSE M. SLAUGHTER, | ) HON. J. FREDERICK MOTZ, |
| Defendant. | ) UNITED STATES DISTRICT JUDGE |

**MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO TITLE 18 U.S.C. § 3582(c)**

NOW COMES the defendant-petitioner, Jose M. Slaughter ("Mr. Slaughter" or "Petitioner"), in pro se, to respectfully move This Honorable Court, pursuant to 18 U.S.C. § 3582(c), to modify the sentence of 108 months imposed by this Court in the above styled case on April 16, 2004. In support of this motion Mr. Slaughter states as follows:

### I. Jurisdictional Statement

This Court exercised original jurisdiction in this case under Title 18 U.S.C. § 3231 on charges that Petitioner: knowingly, intentionally and unlawfully possessing with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base; knowingly, intentionally and unlawfully possessing with intent to distribute a mixture or substance containing a detectable amount of marijuana; knowingly and unlawfully possessing firearms, in and affecting commerce; and knowingly using and carrying said firearm during and in relation to a drug trafficking crime. Such violations of the laws of the United States con-

sist of offenses listed in: 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(c); and 18 U.S.C. § 2.

Jurisdiction to modify the sentence imposed by this Court is confered under Title 18 U.S.C. § 3582(c), where a change in the United States Sentencing Guidelines ("Guidelines") was properly introduced to Congress and placed in the Federal Registry on May 1, 2007, by the United States Sentencing Commission ("Sentencing Commission") acting under authority of Title 28 U.S.C. § 944(a) and (p) to introduce Amendment 706.

Amendment 706 became effective on November 1, 2007 and contained changes to the base offense levels asigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in U.S.S.G. § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Committ These Offenses); Attempt or Conspiracy).

On or about January 3, 2008, the Sentencing Commission placed in the Federal Registry Amendment 711, which made the Guidelines changes under Amendment 706 retroactive under provision of U.S.S.G. § 1B1.10(c).

Accordingly, this Court has jurisdiction under 18 U.S.C. § 3582(c) to exercise its discretion to modify the sentence imposed in this case, as it pleases the Court to so act.

## II. Procedural History & Facts

On December 19, 2002, a federal grand jury indicted Petitioner on charges of: Count 1, Possession with Intent to Distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841

(a)(1) and 18 U.S.C. § 2. Count Two charged Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1); Count Three charged Poss. of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1); and Count Four charged Possession of a Firearm During and In Relation to a Drug trafficking Offense, in violation of 18 U.S.C. § 924(c). All of the above offenses were alleged to have occurred on July 27, 2001, in the State and District of Maryland.

Mr. Slaughter plead not guilty to the above charges and the matter went to trial on November 3, 4, and 5, in 2003. On November 6, 2003, the jury deadlocked on all charges. Even with additional instructions from the court, the jury remained deadlocked and a mistrial was declared.

On November 26, 2004, the parties reached an agreement whereby Mr. Slaughter pleaded guilty to a lesser included offense of the first count of the indictment, that being possession of cocaine base, in violation of 21 U.S.C. § 844(a). The amount of cocaine base agreed upon was more than five grams (but less than fifty).

Under U.S.S.G. § 2D1.1, the base offense level for violation of 21 U.S.C. § 844(a) involving more than five grams of cocaine base is offense level 26. Under the terms of the plea agreement the offense level is decreased by two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 for a total offense level of 24. The probation officer established criminal history category VI and a sentencing range of 100 to 125 months. The Court sentenced Mr. Slaughter to serve 108 months imprisonment.

### III. The Effect of the Change in the Guidelines

The effect of Amendment 706 as amended by Amendment 711 as regards Petitioner's sentence is that, instead of a total offense level of 24, the Guidelines would have called for a total offense level of 22/criminal history category VI for a sentencing range of 84 to 105. It is within this range the Court is authorized to modify Mr. Slaughter's sentence.

### IV. Statutory Authority

Title 18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except that:

> " ... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

See, Title U.S.C. § 3582(c)(2).

A reduction in sentence is "consistent with applicable policy statements issued by the Sentencing Commission" only where such an amendment is listed under U.S.S.G. § 1B1.10(c). Placement in § 1B1.10(c) signifies determinations by the Commission that a reduced guideline range is succicient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants. See, U.S.S.G. § 1B1.10, Background.

In addition to specifying which guideline amendment may be retroactively applied consistent with 28 U.S.C. § 994(u), §1B1.10 guides courts as to the amount by which a sentence may be reduced

(4)

under 18 U.S.C. § 3582(c)(2). Subsection (b) of 1B1.10 states:

> "In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendments to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced ..."

See, U.S.S.G. 1B1.10(b).

### V. Reason Why The Court Should Exercise Its Discretion to Modify Petitioner's Sentence.

Your Honor:

I respectfully request the Court to exercise its discretion to modify my 108 month sentence on the basis that I legally qualify for same and because of my enlightened decision to reject the "life-of-crime" and to make my life count for something that is true and good.

Your Honor, since serving this sentence I have learned my criminal living is actually centered in the way I use to think, especially as concerns adapting to my social/economic environment. I sought to satisfy needs and wants by selling drugs. Selling drugs reflected my distorted values and thinking.

Like many career-criminals, I had utterly failed to realize how wicked my mind had become, so much so that I look back on it and can hardly recognize it as that which is loosely called "human."

Fortunately, while serving this prison term I chanced to meet an old convict whose wisdom had unfortunately been earned after spending the better part of his life in jails and prisons. He helped me challenge my criminal values and way of thinking. He shared with me the way he use to think and how he ended up wasting most

his life. He helped me understand that I was on the very road to wasting most of my life unless I made a determined effort to change. Lastly, this old convict, the best friend I've ever really had, helped me to realize that I should not want, or expect society to allow me, to continue to go through life hurting people.

On the basis of all of the above, I respectfully request the Court to exercise its discretion to modify my sentence and to allow me to serve the low end of the 84 to 105 month sentencing range.

### VI. Post Conviction Considerations

In imposing sentence, this Court made but one recommendation and that was for Petitioner to "satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse." Sentencing Tr. at p. 23, lines 19-24.

Since being incarcerated Mr. Slaughter has participated in educational programming and earned Certificates of Acknowledgment for successfully completing a course in "Real Estate Investing for the Novice," and in the "Keys to Business Success Course." See, certificates, attached.

Further accomplishments in education and trades skills were precluded by the fact that Mr. Slaughter was diagnosed and treated for cancer in his left breast. See, attachment. He is presently housed at the Federal Medical Center-Butner located in Butner, North Carolina.

### VII. Conclusion

Mr. Slaughter prays this Court will consent to modify his sen-

tence based on the reasons stated herein and/or any other reasons which this Court deems to be proper and just.

                                    Respectfully submitted,

                                    *Jose M. Slaughter*
                                    Jose M. Slaughter
                                    Reg. No. 40621-037
                                    FMC-Butner
                                    P.O. Box 1600
                                    Butner, NC 27509

## CERTIFICATE OF SERVICE

I, Jose M. Slaughter, hereby certify that on the 25th day of February, 2008, I mailed one copy of the foregoing "Motion For Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)," along with attachments, to:

George Levi Russell, III, Esq.
U.S. Attorney's Office
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

by first-class mail deposited in the United States Mail, postage prepaid, addressed to the counsel of record listed above.

                                    *Jose M. Slaughter*
                                    Jose M. Slaughter

# Certificate of Acknowledgment
### awarded to:

## Jose Slaughter

### for successfully completing the Keys to Business Success Course.

February 07, 2008
**Date**

*Faircloth*
*V. Faircloth, Teacher FMC*

# Certificate of Acknowledgment
*awarded to:*

# Jose Slaughter

*for successfully completing the Real Estate Investing for the Novice Course.*

February 07, 2008
**Date**

*Faircloth*
**V. Faircloth, Teacher FMC**

APPALACHIAN REGIONAL HEALTHCARE, INC.
Beckley-ARH Hospital
306 Stanaford Road
Beckley, WV 25801

## Consultation

| Patient: | SLAUGHTER, JOSE | Patient #: | 292861 |
|---|---|---|---|
| Requesting Physician: | Dhirendranath Patnaik, MD | | |
| Consulting Physician: | Surayia Hasan, MD | | |
| Service: | Medicine | Location: | 214-1 |
| Request Date: | 06/20/06 | Consult Date: | 06/20/06 |
| Reason for Consult: | | Transcription Date: | 6/21/2006 |
| Dictation Date: | 6/20/2006 7:30 PM | Transcription Time: | 6:31:41 AM |

HISTORY OF PRESENT ILLNESS
This young, African-America male, who is a long term resident of Federal Correctional Institute, has been admitted to Dr. Patnaik's service because of carcinoma of the left breast. The patient started developing a knot and swelling in the left breast. He was referred to Dr. Patnaik, who did a biopsy and found intraductal carcinoma. He was admitted for further workup in the form of bone scan, CT scan and then followed by surgery. The patient states that he is otherwise healthy. He has some problems with his ankle at one time for which he needed some corrective surgery. He has no hypertension. No breathing problems.

PAST MEDICAL HISTORY
No serious illness.

FAMILY HISTORY
Negative for cancer of the breast.

SOCIAL HISTORY
No history of smoking or drinking. He does not abuse drugs.

CURRENT MEDICATIONS
None.

REVIEW OF SYSTEMS
CONSTITUTIONAL: Weight is maintained.
EYES: No discharge.
HENT: No sinus drainage.
RESPIRATORY: Not short of breath.
CVS: No chest pain or palpitations.
ABDOMEN: No abdominal pain, nausea or vomiting.
CNS: No history of CVA or seizures.
MS: No history of arthritis.
INTEGUMENTARY: No bruising, varicosities or ulcers.
PSYCHE: Alert. Judgment and memory is normal.

Page 1 of 2                    mel

Consultation
Patient name: SLAUGHTER, JOSE                               Patient ID:292861

## PHYSICAL EXAM

GENERAL: This is a young male, looks well. No edema. JVP not elevated.
VITALS: Stable.
EYES: No discharge. Pupils are reactive. The patient is not jaundice.
HENT: External ear normal. Ear canal is clean. No tenderness over the maxillary sinuses. Throat is not congested.
LYMPHATICS: No enlargement in neck, axillary or groin.
NECK: No masses. Thyroid not enlarged.
RESPIRATORY: Not short of breath. Not cyanotic. Breath sounds are vesicular with no inspiratory or expiratory wheeze.
CVS: Apex beat in fifth interspace mid clavicular line. Heart sounds are regular and normal. No murmur is audible.
ABDOMEN: Soft. No mass. Liver and spleen not enlarged. Bowel sounds are normal.
CNS: The patient is alert, responsive to questions. He can move all the limbs. Reflexes normal. Plantar downgoing. Superficial and deep sensations are intact.
MS: None of the joints are acutely inflamed.
GU: No tenderness over the bladder or intra costovertebral angles.
BREASTS: The left breast is enlarged. There is a 10 cm knot palpable in the breast, which is tender to touch. No lymphadenopathy palpable.
PSYCHE: Alert. Judgment and memory is normal.

## DIAGNOSTIC STUDIES

Lab data normal so far.

## IMPRESSION

Intraductal carcinoma, left breast.

## RECOMMENDATIONS

The patient has intraductal carcinoma of the left breast, proven on biopsy. He is having a CT scan of the chest and abdomen, also a bone scan to rule out metastatic disease. He is a candidate for surgery. He can have surgery whenever deemed necessary by Dr. Patnaik.

Thank you for asking me to see this patient. I will follow the patient along with you.

Surayia Hasan, MD
SH:mel      job# 819972